IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACTUATE CORPORATION, a Delaware corporation,

    Plaintiff,

  v.

AON CORPORATION, a Delaware corporation, and THE WARRANTY GROUP, INC., a Delaware corporation,

    Defendants.

No. C 10-05750 WHA

**ORDER DENYING UNTIMELY MOTION FOR LEAVE TO FILE AMENDED ANSWER AND NEW COUNTERCLAIMS AND VACATING HEARING**

## INTRODUCTION

In this action for breach of contract, copyright infringement, and unfair competition, one defendant moves for leave to file an amended answer and new counterclaims. For the reasons set forth below, the motion is **DENIED**.

## STATEMENT

This action was commenced in December 2010. Defendant Aon Corporation filed its answer to the complaint and affirmative defenses the following month. It did not assert any counterclaims at that time (Dkt. No. 16).

A case management conference was held in April 2011. Following the conference, a case management scheduling order was issued on April 8, 2011. That order stated: "Leave to add any new parties or pleading amendments must be sought by **JULY 1, 2011**" (Dkt. No. 27 at 1).

Aon filed the instant motion for leave to file an amended answer and new counterclaims on September 13, 2011, more than two months past the deadline (Dkt. No. 30). Plaintiff Actuate Corporation opposes the motion (Dkt. No. 31). This order follows full briefing.

## ANALYSIS

FRCP 15(a) states that a court should freely grant leave to amend when justice so requires. Leave to amend, however, is not automatic. A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations omitted).

Once a district court has issued a scheduling order, FRCP 16 controls. The scheduling order limits the time during which a party can amend its pleadings. Without a request to modify the scheduling order, a party cannot amend its pleadings. At that point, any schedule modification to allow pleading amendments must be based on good cause. FRCP 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause requires diligence by the moving party. A modification of the pretrial schedule would be merited if the deadline could not be met "despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Aon has made no such showing. Aon emphasizes that it was unable to file its counterclaims with its January 2011 answer to the complaint because it could not complete an adequate investigation by that date. January 2011, however, is irrelevant. Aon was on notice since April 2011 that *July 1, 2011*, was the deadline for seeking leave to amend its answer. The fact that Aon was unable to complete its investigation by January 2011 does not explain why it supposedly was unable to do so by July 2011 — six months later.

In its reply brief, Aon states that "[i]t was simply not feasible for Aon to have filed this Motion on or before July 1, 2011 given the amount of information and investigation needed to support the proposed counterclaims, and the parties' then-focus on resolving this matter entirely" (Reply Br. 4). This conclusory statement is without support. As to "the amount of information

2

and investigation needed," Aon makes only generalized statements about the scope of the case. As to "the parties' then-focus on resolving this matter," Aon notes that a mediation session took place on July 15, 2011, and that "the bulk of the focus of all the parties in this case during that time was to find mutually acceptable terms to resolve the parties' dispute through settlement" (*ibid.*). Parallel efforts at settlement do not excuse parties from their obligation to litigate a court action in a timely manner.

Aon has not shown good cause for modifying the July 1 deadline for seeking leave to amend the pleadings. Accordingly, Aon's untimely motion for leave to file an amended answer and new counterclaims is **DENIED**. This order need not reach the parties' arguments concerning prejudice and futility of the proposed counterclaims. Accordingly, Aon's request for judicial notice is **MOOT**.

**CONCLUSION**

For the foregoing reasons, defendant Aon Corporation's motion for leave to file an amended answer and new counterclaims is **DENIED**. The hearing previously set for October 20, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3