United States District Court
For the Northern District of California

1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   ACTUATE CORPORATION, a Delaware                    No. C 10-05750 WHA
     corporation,
11
                      Plaintiff,
12
            v.                                          **ORDER DENYING**
13                                                      **UNTIMELY MOTION**
                                                        **FOR LEAVE TO FILE**
14   AON CORPORATION, a Delaware                        **AMENDED ANSWER AND**
     corporation, and THE WARRANTY                      **NEW COUNTERCLAIMS**
15   GROUP, INC., a Delaware corporation,               **AND VACATING HEARING**

16                    Defendants.

17   _____/

18                                    **INTRODUCTION**

19          In this action for breach of contract, copyright infringement, and unfair competition, one

20   defendant moves for leave to file an amended answer and new counterclaims.  For the reasons set

21   forth below, the motion is **DENIED**.

22                                     **STATEMENT**

23          This action was commenced in December 2010.  Defendant Aon Corporation filed its

24   answer to the complaint and affirmative defenses the following month.  It did not assert any

25   counterclaims at that time (Dkt. No. 16).

26          A case management conference was held in April 2011.  Following the conference, a case

27   management scheduling order was issued on April 8, 2011.  That order stated:  "Leave to add any

28   new parties or pleading amendments must be sought by **JULY 1, 2011**" (Dkt. No. 27 at 1).

1    Aon filed the instant motion for leave to file an amended answer and new counterclaims on

2    September 13, 2011, more than two months past the deadline (Dkt. No. 30).  Plaintiff Actuate

3    Corporation opposes the motion (Dkt. No. 31).  This order follows full briefing.

**ANALYSIS**

5        FRCP 15(a) states that a court should freely grant leave to amend when justice so requires.

6    Leave to amend, however, is not automatic.  A district court may "deny leave to amend due to

7    undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

8    deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

9    of allowance of the amendment, [and] futility of amendment."  *Zucco Partners, LLC v. Digimarc*

10   *Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations omitted).

11       Once a district court has issued a scheduling order, FRCP 16 controls.  The scheduling

12   order limits the time during which a party can amend its pleadings.  Without a request to modify

13   the scheduling order, a party cannot amend its pleadings.  At that point, any schedule

14   modification to allow pleading amendments must be based on good cause.  FRCP 16(b)(4);

15   *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Good cause requires

16   diligence by the moving party.  A modification of the pretrial schedule would be merited if the

17   deadline could not be met "despite the diligence of the party seeking the extension."  *Johnson v.*

18   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

19       Aon has made no such showing.  Aon emphasizes that it was unable to file its

20   counterclaims with its January 2011 answer to the complaint because it could not complete an

21   adequate investigation by that date.  January 2011, however, is irrelevant.  Aon was on notice

22   since April 2011 that *July 1, 2011*, was the deadline for seeking leave to amend its answer.  The

23   fact that Aon was unable to complete its investigation by January 2011 does not explain why it

24   supposedly was unable to do so by July 2011 — six months later.

25       In its reply brief, Aon states that "[i]t was simply not feasible for Aon to have filed this

26   Motion on or before July 1, 2011 given the amount of information and investigation needed to

27   support the proposed counterclaims, and the parties' then-focus on resolving this matter entirely"

28   (Reply Br. 4).  This conclusory statement is without support.  As to "the amount of information

United States District Court

For the Northern District of California

2

United States District Court

For the Northern District of California

1    and investigation needed," Aon makes only generalized statements about the scope of the case.

2    As to "the parties' then-focus on resolving this matter," Aon notes that a mediation session took

3    place on July 15, 2011, and that "the bulk of the focus of all the parties in this case during that

4    time was to find mutually acceptable terms to resolve the parties' dispute through settlement"

5    (*ibid.*).  Parallel efforts at settlement do not excuse parties from their obligation to litigate a court

6    action in a timely manner.

7         Aon has not shown good cause for modifying the July 1 deadline for seeking leave to

8    amend the pleadings.  Accordingly, Aon's untimely motion for leave to file an amended answer

9    and new counterclaims is **DENIED**.  This order need not reach the parties' arguments concerning

10   prejudice and futility of the proposed counterclaims.  Accordingly, Aon's request for judicial

11   notice is **MOOT**.

**CONCLUSION**

13        For the foregoing reasons, defendant Aon Corporation's motion for leave to file an

14   amended answer and new counterclaims is **DENIED**.  The hearing previously set for

15   October 20, 2011, is **VACATED**.

17        **IT IS SO ORDERED.**

19   Dated:  October 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE