IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTUATE CORPORATION, | No. C 10-05750 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS AND VACATING HEARING** |
| AON CORPORATION and TWG WARRANTY GROUP, | |
| Defendants. | |

## INTRODUCTION

In this copyright-licensing action, wherein final judgment has been entered, defendant moves for attorney's fees and costs pursuant to 17 U.S.C. 505. For the reasons stated below, the motion is **GRANTED**. The hearing scheduled for August 23, 2012, is **VACATED**.

## STATEMENT

Prior to 2006, defendant TWG Warranty Group, Inc., was a subsidiary of defendant Aon Corporation named AWG. AWG had a perpetual license to plaintiff Actuate Corporation's copyrighted software. In June 2006, Aon entered into a purchasing agreement to sell AWG to Onex Corporation (more precisely, AWG would be sold to Onex's subsidiary, Warrior Acquisition Corporation). Onex paid Aon approximately $800 million and obtained a 98% interest in return.

Prior to the effect date of sale, AWG was renamed TWG Warranty Group, Inc. Importantly, when AWG was renamed TWG, all assets remained with AWG/TWG. TWG was

(and is) a corporate entity with its own stock. After Onex acquired all of its stock, TWG continued to use Actuate software without obtaining a new license. The dispute between the parties was whether AWG's name change and stock sale voided the license to Actuate software and therefore required TWG to obtain a new license.

The June 6 order granted TWG's motion for summary judgment of non-infringement. The order found that there was not a transfer or assignment of the Actuate software license when AWG renamed itself to TWG, or when the Onex Group subsequently purchased TWG from Aon in a 100% stock sale. The order held that the purchasing of shares in a corporation does not, in and of itself, effect a transfer of the corporate assets, including licences to intellectual property. Because the licenses to Actuate software were not void, TWG was authorized to continue using Actuate's software. Final judgment was entered.

In accordance with Local Rule 54-5, TWG sent a meet and confer letter to Actuate regarding the instant motion seeking $260,000 in attorney's fees. Actuate objected.

**ANALYSIS**

Pursuant to the Copyright Act, a district court has discretion to award the recovery of full costs and reasonable attorney's fees to the prevailing party. 17 U.S.C. 505. In deciding whether to award attorney's fees, certain nonexclusive factors are considered, including the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal components of the case); and the need for compensation and deterrence. *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d, 1213, 1230 (9th Cir. 2008). Additionally, all awards for attorney's fees shall advance the underlying purpose of the Copyright Act — to enrich the general public through access to creative works.

**1. DEGREE OF SUCCESS OBTAINED.**

TWG was granted summary judgment and achieved complete success in defeating Actuate's claims. As the indisputable prevailing party, TWG satisfies this threshold requirement. While success may be a prerequisite to obtaining fees, it does not automatically support awarding fees in the absence of additional considerations.

### 2. FRIVOLOUSNESS AND OBJECTIVE UNREASONABLENESS.

A purchase of shares in a corporation does not, in and of itself, effect a transfer of the corporate assets, including licenses to intellectual property. The facts of TWG's transfer of ownership were not in dispute — there was no merger or asset transfer, only a change in stock ownership. Actuate relied on non-binding legal opinions, interpreting laws from different states. These cited opinions are easily distinguished because they involved other forms of change of ownership such as a merger. Accordingly, the bases upon which Actuate filed its suit against TWG were objectively and legally unsound.

### 3. MOTIVATION.

TWG infers bad faith on Actuate's behalf based on the objective unreasonableness of its copyright claims. Although TWG fails to establish an ulterior motive, blameworthiness is not a prerequisite to awarding fees to a prevailing defendant. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). A requirement of improper motive takes too narrow a view of the purposes of the Copyright Act because it fails to adequately consider the important role played by copyright defendants.

### 4. NEED FOR COMPENSATION AND DETERRENCE.

Considerations of compensation and deterrence weigh in favor of granting attorney's fees when they advance the primary objective of the Copyright Act and do not impose an inequitable burden on an impecunious plaintiff. *Id*. at 556. While one of the goals of the Copyright Act is to discourage infringement, it is not the only goal. Defendants are encouraged to defend themselves against meritless claims and those "who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that the plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

TWG's successful defense furthers the Act's underlying goal by protecting purported copyright holders from suits that are not tethered by sound facts or authorities. A reasonable fee award will not impose an inequitable burden on Actuate, which is not an impecunious plaintiff.

\*          \*          \*

After consideration of the relevant factors in light of the primary objective of the Copyright Act, this order grants reasonable attorney's fees and costs.

**CONCLUSION**

For the reasons set forth above, TWG's motion of attorney's fees and expenses is **GRANTED**. The parties must follow the procedure for determining the amount of reasonable attorney's fees and costs as set forth in the companion order. The hearing set for August 23, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE